Filed: 2/20/2026 12:58 PM
White Circuit Court
White County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WHITE CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF WHITE | ) | CAUSE NO. 91C01-2602-CT-000004 |

GLEN BUDIMIR and KELLY BUDIMIR, )
as Co-Personal Representatives of the )
ESTATE OF KYLE BUDIMIR, Deceased, )
                                        )
         Plaintiffs, )
                                          )
    vs. )
                                          )
WHITE COUNTY SHERIFF'S )
DEPARTMENT; BOARD OF )
COMMISSIONERS OF WHITE COUNTY; )
SHERIFF BILL BROOKS; DEPUTY )
NICK MARTINEZ; DEPUTY DANNIEL )
McVADY; and GERARDO CABRERA )
RODAS; )
                                          )
        Defendants. )

## AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, Glen Budimir and Kelly Budimir, as Co-Personal Representatives of the Estate of Kyle Budimir, Deceased, by counsel, and for their amended complaint for damages against the Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, Deputy Danniel McVady, and Gerardo Cabrera Rodas, allege and state as follows:

## PARTIES

1. Defendant, White County Sheriff's Department, is a law enforcement governmental entity located within White County with its headquarters located at 915 Hanawalt Street, Monticello, Indiana, 47960.

7544652

2. Defendant, Board of Commissioners of White County, is and was at all relevant times hereto a governmental entity with its principal office located at 110 North Main Street, Monticello, Indiana 47960.

3. Defendant, Sheriff Bill Brooks, is an Indiana citizen, resides in Indiana, and at all relevant times was the Sheriff of the White County Sheriff's Department.

4. Defendant, Deputy Nick Martinez, is an Indiana citizen, resides in Indiana, and at all relevant times was a deputy and employee of Defendant, White County Sheriff's Department.

5. Defendant, Deputy Danniel McVady, is an Indiana citizen, resides in Indiana, and at all relevant times was a deputy and employee of Defendant, White County Sheriff's Department.

6. At all relevant times to this action, Defendant, Gerardo Cabrera Rodas, was a resident of White County, Indiana.

7. Kyle Budimir died on August 1, 2025, while domiciled in White County, Indiana.

8. At the time of his death, Mr. Budimir was survived by his two dependent children, both under the age of 18.

9. On August 21, 2025, Glen Budimir and Kelly Budimir were appointed Co-Personal Representatives of the Wrongful Death Estate of Kyle Budimir for the sole purpose of pursuing and collecting wrongful death damages relating to the events resulting in Mr. Budimir's death occurring on August 1, 2025.

10. Said appointment as Co-Personal Representatives occurred in White Circuit Court under Cause Number 91C01-2508-EU-000056.

7544652

2

## FACTUAL ALLEGATIONS

11.     Plaintiffs hereby incorporate paragraphs 1 through 10 of Plaintiffs' Complaint as if set forth fully herein.

12.     On August 1, 2025, at approximately 4:00 a.m., Deputies Nick Martinez and Danniel McVady were patrolling on or around State Road 16 (SR 16) in White County, Indiana, and were responding to a call regarding a domestic dispute.

13.     Deputy Nick Martinez made contact and stopped Kyle Budimir on his bicycle on SR 16 on or near its intersection with Church Road.

14.     Deputy Martinez questioned Budimir regarding the domestic dispute of which Budimir was not involved.

15.     Deputy Martinez released Budimir from questioning, and Budimir continued West on SR 16 on his bicycle towards Monon.

16.     At or around that same time, Deputy Danniel McVady contacted and stopped Angel Legg, who was walking alongside of SR 16 and placed Angel Legg in his cruiser.

17.     As Deputy McVady was stopped in his marked police vehicle alongside SR 16, Budimir passed McVady's police vehicle on the south side of the road to move over from the stopped police vehicle.

18.     Deputy Martinez then reengaged Budimir in his cruiser and issued commands for Budimir to stop his bicycle and pull over.

19.     At or near the same time, Deputy McVady passed Deputy Martinez and Budimir, slowed his cruiser, exited his cruiser, and excessively pushed Budimir off of his bicycle, off of the road, and onto the shoulder and grass of SR 16.

3

7544652

20.     Prior to forcefully removing Budimir from his bicycle, neither Deputy Martinez nor Deputy McVady made any effort to stop or control traffic with their police vehicles.

21.     Without resistance from Budimir, Deputies Martinez and McVady pulled Budimir back onto the roadway and pinned Budimir to the road.

22.     While attempting to secure Budimir in handcuffs, Defendant Cabrera Rodas approached on eastbound SR 16 in his vehicle and made no attempt to slow down or evade the deputies and Budimir.

23.     As Defendant Cabrera Rodas approached, Deputies Martinez and McVady positioned themselves outside of harm's way but made no attempt to remove Budimir from the roadway.

24.     As Deputies Martinez and McVady evaded Rodas's vehicle, Rodas struck Budimir causing severe injuries leading to Budimir's death.

## COUNT I – WRONGFUL DEATH/NEGLIGENCE OF DEFENDANT GERARDO CABRERA RODAS

25.     Plaintiffs hereby incorporate paragraphs 1 through 24 as if fully set forth herein.

26.     Defendant Gerardo Cabrera Rodas owed a duty of care to Kyle Budimir to operate his vehicle in a reasonably safe manner.

27.     Defendant Cabrera Rodas failed to operate his vehicle in a reasonably safe manner.

28.     Defendant Cabrera Rodas's negligent acts include but are not limited to, the following:

> a.  Failure to move over or slow down in response to a stationary emergency vehicle pursuant to Ind. Code § 9-21-8-35;
> b.  Failure to keep a proper lookout;
> c.  Failure to operate a motor vehicle with reasonable care; and
> d.  Failure to obey Indiana's rules of the road.

4

29.     As a direct and proximate result of Defendant Cabrera Rodas's negligence in the operation of his vehicle, Defendant Cabrera Rodas ran over Kyle Budimir at high speed.

30.     Kyle Budimir died on August 1, 2025, as a direct and proximate result of Defendant Cabrera Rodas's negligence.

31.     As a direct and proximate result of Defendant Cabrera Rodas's negligence and carelessness, Plaintiffs in this action suffered and incurred damages including, but not limited to, the following:

   a. the value of necessary and reasonable health care services provided in connection with Mr. Budimir's injuries causing his death;
   b. the value of necessary and reasonable funeral and burial expenses for Mr. Budimir;
   c. the loss of Mr. Budimir's earning capacity and probable future earnings;
   d. the loss of Mr. Budimir's future support to and for his dependent children; and
   e. the loss of Mr. Budimir's love, care, support, guidance, and affection to his dependent children.

32.     Defendant Cabrera Rodas is liable to Plaintiffs in this cause of action for all damages recoverable under the law, including all damages recoverable by Plaintiffs under Indiana Code §34-23-1-1 and Indiana Code §34-51-4 *et seq.*, including, but not limited to, the following:

   a. the value of necessary and reasonable health care services provided in connection with Mr. Budimir's injuries causing his death;
   b. the value of necessary and reasonable funeral and burial expenses for Mr. Budimir;
   c. the loss of Mr. Budimir's earning capacity and probable future earnings;
   d. the loss of Mr. Budimir's future support to and for his dependent children; and
   e. the loss of Mr. Budimir's love, care, support, guidance, and affection to his dependent children.

WHEREFORE, Plaintiffs, Glen Budimir and Kelly Budimir, as Co-Personal Representatives of the Estate of Kyle Budimir, Deceased, by counsel, respectfully request and pray for damages and relief in a verdict and judgment against Defendant, Gerardo Cabrera

7544652

Rodas, in an amount sufficient to compensate Plaintiffs for all injuries and damages Plaintiffs have incurred, and will continue to incur, that Plaintiffs are entitled to and that are recoverable under the law, and for all other just and proper relief the Court deems appropriate.

### COUNT II – DEFENDANTS WHITE COUNTY SHERIFF'S DEPARTMENT, BOARD OF COMMISSIONERS OF WHITE COUNTY, SHERIFF BILL BROOKS, DEPUTY NICK MARTINEZ, and DEPUTY DANNIEL McVADY'S VIOLATION OF KYLE BUDIMIR'S CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)

33. Plaintiffs hereby incorporate paragraphs 1 through 32 of Plaintiffs' Complaint as if set forth fully herein.

34. Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, were at all times herein acting under color of state law.

35. At the time of this incident, Kyle Budimir had a right to be free from any alteration to his life or liberty without due process of law as protected by the 14th Amendment and to be free from unreasonable searches and seizures under the 4th Amendment to the United States Constitution.

36. Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, violated Kyle Budimir's right to due process of law under the 14th Amendment when Deputy Nick Martinez and Deputy Danniel McVady pinned Kyle Budimir to the opposite side of the roadway as part of an unreasonable seizure, knowing of the risk it posed to Kyle Budimir given the dark and foggy conditions at the time and the possibility of approaching vehicles.

37. Defendants, Deputy Nick Martinez and Deputy Danniel McVady, violated Kyle Budimir's right to be free from unreasonable searches and seizures under the 4th Amendment of the Constitution when Deputy Nick Martinez and Deputy Danniel McVady unlawfully pushed

6

7544652

Kyle Budimir off of his bicycle and applied unreasonable and excessive force against Kyle Budimir by wrestling a passive Budimir from the grass onto the roadway, pinning him to the roadway, and exposing Kyle Budimir to a dangerous and defenseless position in the roadway.

38.     Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, created a strong likelihood of serious harm to Kyle Budimir and significantly increased Kyle Budimir's risk of serious harm by their acts. These acts include, but are not limited to the following:

   a. Failing to develop and implement proper policies and procedures related to the arrest and detention of persons stopped alongside the roadway;
   b. Failing to properly train their employees on how to appropriately engage and detain a person alongside a dark and foggy roadway;
   c. Improperly placing a detained person in harm's way despite the dangers posed;
   d. Using unreasonable and excessive force against Kyle Budimir;
   e. Unlawful and inappropriate detainment of Kyle Budimir; and
   f. Increasing the risk posed to Kyle Budimir by choosing to pin Kyle Budimir to the roadway in a dark, unlighted, and uncontrolled lane of traffic.

39.     Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, were aware of the risk and consciously failed to take reasonable measures to prevent harm to Kyle Budimir.

40.     It was foreseeable by Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, that the acts would lead to injury to Kyle Budimir.

41.     As a direct and proximate result of Defendants', White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady's acts, Kyle Budimir was injured causing his death.

7

7544652

42.     As a direct and proximate cause of Defendants', White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady's conduct, Kyle Budimir was violently struck by Defendant Gerardo Cabrera Rodas's vehicle and was deprived of his constitutional right to be free from unreasonable searches and seizures under the 4th Amendment and was deprived of due process under the 14th Amendment of the United States Constitution.

43.     Accordingly, Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, are liable for Plaintiffs' harms, injuries, and damages under 42 U.S.C. § 1983 for the violations of his 4th Amendment right to be free from unreasonable searches and seizures and his 14th Amendment right of due process.

WHEREFORE, Plaintiffs, Glen Budimir and Kelly Budimir, as Co-Personal Representatives of the Estate of Kyle Budimir, Deceased, by counsel, respectfully request and pray for damages and relief in a verdict and judgment against Defendants, White County Sheriff's Department, Board of Commissioners of White County, Sheriff Bill Brooks, Deputy Nick Martinez, and Deputy Danniel McVady, in an amount sufficient to compensate Plaintiffs for all injuries and damages Plaintiffs have incurred, and will continue to incur, that Plaintiffs are entitled to and that are recoverable under the law, including but not limited to the following:

(A)     That the Plaintiffs be awarded general and compensatory damages for their injuries, damages, harms, and losses set forth herein caused by the deprivation of Kyle Budimir's constitutional rights;

(B)     That the Plaintiffs be awarded reasonable attorney's fees and costs of suit; and

7544652

(C)    That the Plaintiff be awarded such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

PARR RICHEY FRANDSEN PATTERSON KRUSE LLP

Attorneys for Plaintiffs

By   /s/ John M. McLaughlin
        John M. McLaughlin, 28678-06

## REQUEST FOR JURY TRIAL

Plaintiffs, Glen Budimir and Kelly Budimir, as Co-Personal Representatives of the Estate of Kyle Budimir, Deceased, by counsel and pursuant to Ind. Trial Rule 38, hereby request a trial by jury in this cause.

Respectfully submitted,

PARR RICHEY FRANDSEN PATTERSON KRUSE LLP

Attorneys for Plaintiffs

By   /s/ John M. McLaughlin
        John M. McLaughlin, 28678-06

John M. McLaughlin, 28678-06
Jesse I. Smith, 37583-49
PARR RICHEY FRANDSEN PATTERSON
 KRUSE LLP
225 West Main Street; Post Office Box 668
Lebanon, Indiana 46052
Telephone:    (765) 482-0110
               (317) 269-2509
Facsimile:    (765) 483-3444
E-mails:      jmclaughlin@parrlaw.com
               jsmith@parrlaw.com

9

7544652